COZEN O'CONNOR
Michael W. Melendez (SBN 125895)
mmelendez@cozen.com
101 Montgomery Street, Suite 1400
San Francisco, CA  94104
Telephone:   415 644 0914
Facsimile:    415 644 0978

STEPTOE & JOHNSON LLP
Antonia B. Ianniello *(Pro Hac Vice forthcoming)*
aianniello@steptoe.com
William. D. Carson (*Pro Hac Vice forthcoming*)
wcarson@steptoe.com
1330 Connecticut Avenue NW
Washington, DC  20036
Telephone:   202 429 3000
Facsimile:    213 429 3902

Attorneys for Plaintiff
STEADFAST INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEADFAST INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ONQUEST, INC.,<br><br>　　　　Defendant. | Case No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Steadfast Insurance Company ("Steadfast") by and through its attorneys, for its Complaint against Defendant OnQuest, Inc. ("OnQuest") alleges as follows:

## PARTIES

1. Steadfast is an Illinois corporation with its principal place of business in Schaumberg, Illinois.

2. OnQuest is a California corporation with its principal place of business in San Dimas, California. On information and belief, OnQuest has been registered to do business in California since on or about February 6, 2002, and remains qualified to do business in the State today.

## NATURE OF THE ACTION

3. In this action, Steadfast seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that it owes no insurance coverage to OnQuest in connection with OnQuest's alleged design defects arising out of construction of a replacement natural gas liquefaction facility.

4. Specifically, OnQuest alleges that it entered into an agreement to design and construct an updated liquid natural gas liquefaction facility to replace an existing facility in Hopkinton, Massachusetts (the "Project"), that OnQuest was negligent in the overall design of the Project, and that, as a result of its errors and omissions in the rendition of professional engineering services, it has incurred and will continue to incur "Actual and Necessary Costs and Expenses" to rectify its "Design Defects" in an amount exceeding $25,000,000 ("Rectification Costs").

5. OnQuest has requested that Steadfast indemnify it for its Rectification Costs under a "Contractor's Protective Professional Indemnity and Liability Insurance Policy," Policy No. EOC 9485666-09, effective for the Policy Period June 15, 2020, to June 15, 2021, issued by Steadfast (the "Policy"). OnQuest has indicated that it seeks the full Limits of Liability of $25,000,000 in coverage under the Policy for its incurred Rectification Costs.

6. Steadfast has disclaimed coverage under the Policy for OnQuest's Rectification Costs on the grounds that OnQuest failed to report the costs incurred to Steadfast during the policy period, as required by the terms of the Policy.

7. Steadfast seeks relief from this Court in the form of a declaration that is has no obligation to indemnity OnQuest for the alleged Rectification Costs that OnQuest has sought in connection with the Project under the Policy.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Steadfast and OnQuest and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. An actual and justiciable controversy exists between Steadfast and OnQuest concerning the rights, duties and obligations under the Policy issued by Steadfast. Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, this Court may determine the rights and obligations of the parties under the Policy.

10. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) because Defendant OnQuest resides in this district and under 28 U.S.C. § 1391(b)(2) because a "substantial part of the events or omissions giving rise to the claim" occurred here.

## THE POLICY

11. Steadfast issued "Contractor's Protective Professional Indemnity and Liability Insurance Policy" No. EOC 9485666-09 to first "Named Insured" Primoris Services Corporation ("PSC") for the Policy Period of June 15, 2020 – June 15, 2021. A true and correct copy of the Policy is attached as Exhibit A.

12. On information and belief, OnQuest is a subsidiary of PSC and, as such, is also a "Named Insured" under the Policy.

13. The Policy provides three types of Coverage: "Contractors Professional Liability Coverage" (Coverage A); "Contractor's Protective Professional Indemnity Coverage" (Coverage B); and "Rectification Indemnity Coverage" (which is added to

the Policy by Endorsement # 11). Only the Rectification Indemnity Coverage is at issue in this Complaint.

14. The Policy provides Limits of Liability for Rectification Indemnity Coverage of $25,000,000 each "Claim" and in the Aggregate. The Policy includes a Self Insured Retention of $500,000 for each "Claim" for Rectification Indemnity Coverage.

15. In the Rectification Indemnity Endorsement ("Endorsement"), Steadfast agreed, subject to satisfaction of all terms and conditions of the Endorsement, *inter alia,* to indemnify the "Named Insured" for its "Actual and Necessary Costs and Expenses," incurred in rectifying a "Design Defect" in any part of the construction works or engineering works for any project upon which the "Named Insured" is responsible for both design and construction, provided that: (1) the "Named Insured" reports "Actual and Necessary Costs and Expenses" for a "Design Defect" as soon as practicable after discovery of such "Design Defect" but in no event after any certificate of substantial completion has been issued; and (2) the "Named Insured" demonstrates that the "Actual and Necessary Costs and Expenses" arise out of the "Named Insured's" rendering of "Professional Services" which resulted in a "Design Defect" for which a third party could otherwise make a "Claim" against the "Named Insured."

16. The Endorsement also contains a provision entitled "Reporting of Actual and Necessary Costs and Expenses" which states that: "Solely with respect to coverage provided by this endorsement, the 'Named Insured' must report the 'Actual and Necessary Costs and Expenses' to us during the policy period or any applicable Automatic Extended Reporting Period or Optional Extended Reporting Period."

17. Section VI of the Policy, entitled "Extended Reporting Period", specifies the circumstances under which an insured is entitled to an "Automatic Extended Reporting Period" or "Optional Extended Reporting Period." Both periods are available to insureds if Steadfast or the insured terminates or non-renews the insurance

for any reason other than nonpayment of premium, the insured's failure to comply with any term or condition of the Policy or the insured's fraud or material misrepresentation.

18. The Steadfast Policy was renewed under Contractor's Protective Professional Indemnity and Liability Insurance Policy EOC-9485666-10 for the policy period June 15, 2021, to June 15, 2022. Accordingly, the Automatic Extended Reporting Period and Optional Extended Reporting Period are not applicable to the Rectification Costs sought by OnQuest.

19. The Endorsement defines "Actual and Necessary Costs and Expenses" as "those sums actually incurred by the 'Named Insured' which are reasonably related to the efforts needed to remedy a 'Design Defect' covered by this endorsement, less any overhead, profit and mark-up of the 'Named Insured.'"

20. The Endorsement defines "Design Defect" as "an error, omission or negligent act in the preparation of engineering or architectural designs, plans, drawings, specifications, calculations, surveys and studies and shall not include any actual or alleged negligence in the review of shop drawings and submittals, issuance of change orders, observation of construction or review of the contractor's requests for payment."

21. The Endorsement contains an exclusion making clear that the insurance provided thereunder does not apply to any cost estimate being exceeded.

## THE CLAIM

22. On information and belief, OnQuest is a specialty engineering company focused on turnkey engineering, procurement and construction ("EPC") project development for the renewable and liquid natural gas ("LNG") markets. OnQuest is headquartered in San Dimas California.

23. Effective February 6, 2017, OnQuest entered into a "Fixed Price Engineering, Procurement and Construction Agreement for the Hopkinton LNG Liquefaction Replacement Project" with Eversource Energy Service Company (as

agent for Hopkinton LNG Corp.). Under the contract, OnQuest apparently was to design and construct an updated liquefaction facility to replace the existing facility in Hopkinton, Massachusetts. OnQuest prepared the original design and then contracted with at least one affiliated company as well as several other contractors and vendors to perform the actual construction work.

24. On July 7, 2021, OnQuest, through its broker, notified Steadfast of a "Notice of Circumstance" for a "Rectification Claim" under Policy EOC 9485666-10 for the Policy Period June 15, 2021, to June 15, 2022. Specifically, OnQuest advised Steadfast that, after construction commenced on the Project, OnQuest discovered "significant errors and global issues with the original design" of the Project and had begun work to rectify the errors. As part of its July 7 notice, OnQuest provided Steadfast with an 11-page attachment identifying 57 alleged "Design Errors," for a total rectification cost of more than $24,386,000.00.

25. Steadfast acknowledged OnQuest's email on July 9, 2021, and sought clarification concerning whether a request for rectification coverage or a notice of circumstance was being reported. OnQuest subsequently clarified, through its broker, that same day, that it was seeking coverage under the Rectification Indemnity Coverage part of the prior Policy No. EOC 9485666-09, effective June 15, 2020, to June 15, 2021, and that it was not seeking coverage under Policy No. ECO 9485666-10, effective June 15, 2021, to June 15, 2022.

26. In its July 9, 2021 email, Steadfast sought twelve different categories of information and documents necessary for it to review and investigate the request for indemnity of OnQuest's Rectification Costs. In response to Steadfast's request for additional information, OnQuest provided Steadfast with a formal letter response, dated August 3, 2021, in which it stated that it failed to utilize the level of skill and judgment expected from a similarly situated engineering firm and that it had been negligent in the overall design of the Project, resulting in costs and expenses incurred to rectify the design defect.

27. OnQuest also stated in its August 3 letter that the "Design Defects" attributable to its negligence on the Project were interconnected to the point that the Rectification Costs "aris[e] out of the same, interrelated, associated, repeated or continued negligent act, error or omission or a series of related negligent acts, errors or omissions" and therefore constitute a single "Claim" under Section IV.D.1 of the Policy.

28. OnQuest concluded its August 3 letter by asserting that it had incurred an estimated $28,940,564.69 to date in Rectification Costs, and after accounting for its self-insured retention of $500,000, it would be entitled to payment of the applicable Limits of Liability of $25,000,000 for Rectification Indemnity Coverage under the Policy. OnQuest indicated, however, that it "was in the process of preparing a more detailed proof of claim submission in an effort to expedite [Steadfast's] review and approval of the Claim." In the interim, OnQuest provided certain partial responses to Steadfast's information requests in a link.

29. By email dated August 30, 2021, OnQuest provided certain cost backup information for its alleged Rectification Costs. The data included a table summarizing costs to date with supporting documentation consisting of Excel spreadsheets, change orders, and similar documents.

30. On September 28, 2021, Steadfast requested certain additional information to aid in its investigation, including eight additional information requests. Steadfast's September 28, 2021 letter made clear that it was continuing to investigate the circumstances surrounding OnQuest's request for coverage of its Rectification Costs and that it was reserving any and all of its rights under the Policy and at law concerning coverage, including the right to deny coverage based upon the Policy provisions, terms, definitions or exclusions and at law.

31. On November 4, 2021, OnQuest sent another letter to Steadfast regarding its claim for rectification coverage under the Steadfast Policy. It declined to specifically answer many of Steadfast's eight requests or to provide certain

information requested by Steadfast. It did provide additional information in support of its Request for Rectification Coverage under the Steadfast Policy, including a document entitled "Proof of Claim" and more than 130 exhibits consisting of engineering designs, change orders, Excel spreadsheets and other documents concerning the alleged "Actual and Necessary Costs and Expenses," incurred in rectifying the "Design Defects" on the Project.

32. Steadfast acknowledged OnQuest's letter on November 19, 2021, and advised that it would take time for it to review the submitted documentation. It made a further response on December 18, 2021, indicating that it hoped to complete its review and issue a coverage determination on January 24, 2022.

33. On January 21, 2022, Steadfast denied coverage for OnQuest's Rectification Costs on the ground that OnQuest had failed to timely report the "Actual and Necessary Costs and Expenses" in connection with its request for Rectification Indemnity Coverage during the policy period of the Steadfast Policy. Steadfast's January 21, 2022 letter also reserved any and all of Steadfast's rights under the Policy, including a series of provisions specifically identified in that letter, and at law.

## **REPORTING OF ONQUEST'S RECTIFICATION COSTS**

34. As relevant here, the Rectification Indemnity Endorsement provides that Rectification Indemnity Coverage is only available where the "Named Insured" reports to Steadfast the "Actual and Necessary Costs and Expenses" incurred to remedy a "Design Defect" during the Policy Period. The Policy Period in this case ran from June 15, 2020 to June 15, 2021. OnQuest did not report the "Actual and Necessary Costs and Expenses" incurred to remedy the alleged "Design Defect," for which it seeks indemnity, until after the applicable policy period had expired.

35. In the documentation provided to Steadfast, OnQuest identified numerous errors in the design of the Project and indicated that it began incurring "Actual and Necessary Costs and Expenses" as early as 2019. For example, in its November 4, 2021 letter, OnQuest notes that it "began incurring costs associated with

the Claim essentially from the inception of construction and potentially even earlier in the pre-construction engineering phase." It further stated that construction began in approximately August, 2019, almost two years before any costs or expenses incurred to rectify "Design Defects" in the Project were reported to Steadfast.

36. OnQuest has also confirmed that it was aware of "Design Defects" in the Project and had incurred "Actual and Necessary Costs and Expenses" to rectify the "Design Defects" throughout 2020. OnQuest has stated that due to its design errors and omissions, the design for the Project needed to be upgraded to meet specifications, codes and engineering requirements, with the result that the quantity of required materials (like piping, steel, electrical equipment, and concrete) and building square footage to complete the Project increased substantially from the original Project design. According to OnQuest, some quantities increased by more than 1,000% and several increased by more than 80%.

37. Steadfast's understanding is that the foregoing significant increase in material costs alone, necessary to rectify the "Design Defects" in the Project, total almost $14 Million. Further, the documentation provided by OnQuest demonstrates that these rectification measures were the subject of change orders as early as 2019 and throughout 2020, and were completed, in whole or in part, long before the expiration of the Policy on June 15, 2021.

38. OnQuest did not report its "Actual and Necessary Costs and Expenses" to Steadfast during the policy period of June 15, 2020, to June 15, 2021, as required by the Rectification Indemnity Endorsement of the Policy. Rather, notice was not provided until July 7, 2021, after the expiration of the Policy. Accordingly, the reporting requirements of Rectification Indemnity Coverage under the Endorsement have not been met and the Policy does not provide coverage for the amounts sought by OnQuest.

///

///

39. Steadfast reserves any and all rights to amend this Complaint should further facts come to its attention in discovery or otherwise that would provide additional grounds for disclaiming coverage under the Policy or at law.

## COUNT I
## DECLARATORY JUDGMENT

40. Steadfast repeats and realleges the allegations of Paragraph 1 through 39 as if fully set forth herein.

41. An actual and justiciable controversy exists between Steadfast and OnQuest concerning whether coverage is available under the Policy for the "Actual and Necessary Costs and Expenses" allegedly incurred by OnQuest to remedy its "Design Defects."

42. OnQuest became aware as early as 2019 and no later than 2020 that it had committed a "Design Defect" in its design of the Project.

43. OnQuest began incurring "Actual and Necessary Costs and Expenses" within the meaning of the Policy as early as 2019 and throughout 2020 to rectify the "Design Defect." These costs and expenses totaled millions of dollars.

44. OnQuest failed to report that it had incurred such "Actual and Necessary Costs and Expenses" until after the expiration of the Policy on June 15, 2021.

45. Coverage is unavailable under the Policy for any and all amounts sought by OnQuest as Rectification Costs under the Policy because OnQuest failed to report the "Actual and Necessary Costs and Expenses" it incurred to Steadfast during the Policy Period of the Policy, as required by the terms of the Policy.

46. Pursuant to its authority under 28 U.S.C. § 2201, this Court should declare that Steadfast owes no duty to indemnify OnQuest for any amounts incurred by OnQuest in connection with rectifying any "Design Defects" by OnQuest in connection with the Project.

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Steadfast Insurance Company respectfully prays that the Court:

    a) Enter judgment for Steadfast on the Complaint;

    b) Declare that Steadfast owes no duty to provide coverage to OnQuest under the Policy and no duty to indemnify OnQuest for any "Actual and Necessary Costs and Expenses" or any other type of costs or expenses incurred to remedy a "Design Defect" or other deficiency in the design of the Project;

    c) Award Steadfast its costs of suit herein; and

    d) Award such other relief to Steadfast as the Court deems proper and just.

Dated: January 21, 2022

COZEN O'CONNOR

By: *[signature]*
    Michael W. Melendez
Attorneys for Plaintiff
STEADFAST INSURANCE COMPANY